IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHAEL LEWIS,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW of NORTH AMERICA, LLC,<br>BAVARIAN MOTOR WORKS, and<br>RACHELLE GERARD,<br><br>    Defendants. | Civil Action Number 3:23-cv-203 |

**<u>DEFENDANT BMW OF NORTH AMERICA, LLC'S
NOTICE OF REMOVAL</u>**

PLEASE TAKE NOTICE that Defendant BMW of North America, LLC ("BMW NA") hereby removes this action, Case No. CL23001407-00, from the Circuit Court of Henrico County, Virginia, to the United States District Court for the Eastern District of Virginia. As grounds for removal, BMW NA states that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1367 and that all the claims and causes of action in this matter may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, BMW NA alleges and states as follows:

### I.   PROCEDURAL BACKGROUND

1. On January February 22, 2023, Plaintiff commenced this action in the Circuit Court of Henrico County (the "Circuit Court") by filing a Complaint and Demand for Jury Trial. (*See* Complaint and Demand for Jury Trial, attached as Exhibit 1.) This action arises out of a motor vehicle crash that occurred on March 18, 2022. (*See id.* ¶¶ 10, 15.) Plaintiff alleges that he was travelling on I-95 in his 2017 BMW M3 that morning, and a 2013 Nissan Rogue operated by Defendant Rachelle Gerard struck his vehicle at high speed. (*Id.* ¶¶ 15-21.)

2. Plaintiff has asserted two claims against BMW NA: (1) negligence; and (2) breach of warranty under the Magnuson-Moss Warranty Act (MMWA). (*See id.* ¶¶ 33-37 (negligence), ¶¶ 38-77 (breach of warranty).) He has demanded $5,000,000 in "actual and compensatory damages" from BMW NA. (*Id.* Part VII (Prayers for Relief and Judgment).) Plaintiff also alleges a negligence claim against Defendant Gerard. (*Id.* ¶¶ 78-84.)

3. On February 27, 2023, BMW NA was served with the complaint and summons in this matter through delivery of the same to its registered agent, C T Corporation System, 4701 Cox Road, Glen Allen, Virginia 23060.

4. Upon information and belief, there are no motions pending in this action in the Circuit Court.

## II. GROUNDS FOR REMOVAL

5. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over this action because Plaintiff's Magnuson-Moss Warranty Act claim arises under the laws of the United States. The Court has supplemental jurisdiction over the remaining claims in the complaint.

6. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

7. The MMWA creates a federal cause of action for breach of warranty if the amount in controversy is $50,000 or more. *See* 15 U.S.C. § 2310(d)(1)(B), (3)(B). "The amount in controversy is any amount placed at issue by the pleadings." *Woods v. Maserati N. Am., Inc.*, No. 3:18-CV-00549-JAG, 2018 WL 5018453, at *2 (E.D. Va. Oct. 16, 2018).

8. Plaintiff's allegations against BMW NA for breach of warranty assert a federal claim under the MMWA. In that claim, Plaintiff alleges that under the MMWA he is a "consumer," BMW NA is a "supplier" and "warrantor," and the subject vehicle is a "consumer product." (Compl. ¶¶ 39-41.) Plaintiff asserts that the MMWA "provides a cause of action for

2

any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty." (*Id.* ¶ 42.) He alleges that the "subject vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308" and that BMW NA breached such warranties. (*Id.* ¶¶ 44, 48.) And he asserts that "[a]s a result of the breaches of implied merchantability by Defendants BMW and BMW-GER, Plaintiff has suffered damages." (*Id.* ¶ 49.) Plaintiff alleges that he "would not have purchased the subject vehicle had Plaintiff known, prior to the time of purchase, that the subject vehicle contained safety defects," as he alleges. (*Id.* ¶ 47.) He seeks $5,000,000 in "actual and compensatory" damages. (*Id.* at Part VII.) Together, those allegations assert a claim under the MMWA that arises under the laws of the United States. *See* 28 U.S.C. § 1331; 15 U.S.C. § 2310(d).

9. Plaintiff's MMWA claim arising under federal law allow BMW to remove this action pursuant to 28 U.S.C. § 1441(a).

10. The Court may exercise supplemental jurisdiction over the remaining claims in this action. Unless a federal statute provides otherwise, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367; *see also Parran's Flooring Ctr., Inc. v. Ford Motor Co.*, No. CIV.A. DKC 11-1151, 2011 WL 5974617, at *1 (D. Md. Nov. 28, 2011) (exercising supplemental jurisdiction over state-law claims related to MMWA claim). Here, Plaintiffs' claims against BMW NA and Defendant Gerard arise out of the same motor vehicle crash at issue in Plaintiff's MMWA claim

against BMW NA. Thus, the Court may exercise jurisdiction over those claims pursuant to 28 U.S.C. § 1367 because they form the same case or controversy as Plaintiff's MMWA claim.[1]

### III. PROCEDURAL REQUIREMENTS FOR REMOVAL

11. This notice of removal is timely under 28 U.S.C. § 1446(b) because BMW NA has removed this action within thirty days after receipt of the summons and complaint on February 27, 2023.

12. Venue is proper in this Court because the United States District Court for the Eastern District of Virginia is the federal district court and division within which this action is pending in the Circuit Court. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 127(a).

13. Through her counsel, Defendant Gerard has consented to removal. Although named as a defendant, "Bavarian Motor Works" is not a legal entity capable of being sued. And, upon information and belief, no such entity has been served with process in this action. Thus, all defendants properly joined and served have consented to removal. 28 U.S.C. § 1446(b)(2).

14. In accordance with 28 U.S.C. § 1446(d), promptly after filing this notice of removal, BMW NA will give written notice thereof to the parties and file a copy of this notice with the Clerk of the Circuit Court.

---

[1] Although not a basis for which BMW NA seeks to remove this action, the Court also possesses diversity jurisdiction over all of the claims in this action. The parties are completely diverse. Plaintiff is a citizen of North Carolina. (Compl. ¶ 11.) Defendant Gerard is a citizen of Virginia. (*Id.* ¶¶ 4, 14.) BMW NA is a Delaware limited liability company with its principal place of business in Woodcliff Lake, New Jersey. Its sole member is BMW (US) Holding Corporation, a Delaware corporation that also maintains its principal place of business in New Jersey. Thus, BMW NA is a citizen of Delaware and New Jersey, and none of the defendants share citizenship with Plaintiff. As explained above, Plaintiff has demanded $5,000,000, exclusive of interest and costs, more than satisfying the jurisdictional minimum of more than $75,000. (Compl. Part VII; 28 U.S.C. § 1332(a).) Thus, though not an independent basis for which BMW NA seeks to remove, this Court may exercise diversity jurisdiction over all of the claims in this action.

15. A true and correct copy of all process, pleadings, and orders served upon BMW NA in this action in the Circuit Court is attached hereto. (*See* Compl., Exhibit 1; Summons, attached as Exhibit 2; Proposed Summonses, attached as Exhibit 3; and Cover Sheet, attached as Exhibit 4.)

16. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 because BMW NA has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action arising under the laws of the United States.

17. BMW NA reserves all defenses, including without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

**WHEREFORE**, BMW NA respectfully removes this action from the Circuit Court for the County of Henrico to the United States District Court for the Eastern District of Virginia pursuant to 28 U.S.C. § 1441.

Dated: March 24, 2023.

                                                                   Respectfully submitted,

*/s/ Jonathan T. Tan*
Perry W. Miles IV (VSB No. 43031)
Jonathan T. Tan (VSB No. 88037)
McGuireWoods LLP
800 East Canal Street
Richmond, VA  23219
T: (804) 775-7312
F: (804) 698-2172
pmiles@mguirewoods.com
jtan@mcguirewoods.com

*Counsel for Defendant*
*BMW of North America, LLC*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th day of March, 2023, a true and correct copy of the foregoing was emailed and mailed with proper postage thereon prepaid to:

Joseph L. Steffen, Jr.
223 W. York St.
Savannah, GA  31401
(912) 604-4147
Joe@joesteffen.com
*Counsel for Plaintiff*

Jonathan R. Hyslop
Furniss, Davis, Rashkind & Saunders, P.C.
6160 Kempsville Circle
Suite 341B
Norfolk, Virginia 23502
jhyslop@furnissdavis.com
*Counsel for Defendant Rachelle Gerard*

                                              */s/ Jonathan T. Tan*
                                              Jonathan T. Tan